UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION

No. 2:14-CR-14-D-1

| | |
|---|---|
| UNITED STATES OF AMERICA | DEFENDANT'S REQUESTED JURY INSTRUCTIONS |
| v. | <u>Fed. R. Crim. P. 30</u> |
| HARRY C. MANN | |

Pursuant to Fed. R. Crim. P. 30 and Local Crim. R. 24.1(a)(2)(EDNC), the Defendant respectfully requests that the Court instruct the jurors on the following matters. The Defendant also requests leave to amend the submitted requested instructions and offer such additional instructions as may become appropriate during the course of trial.

## Table of Contents

INSTRUCTIONS AT BEGINNING OF TRIAL ........................................................................ 4

   Opening Instruction at Beginning of Trial ................................................................. 5

   Preliminary Instruction—Contact With Others and Out of Court Research............................ 9

   Note-Taking By Jury.................................................................................................. 12

   Objections And Rulings ............................................................................................ 13

   Indictment Is Not Evidence...................................................................................... 14

   Presumption Of Innocence, Burden Of Proof, And Reasonable Doubt.................... 15

INSTRUCTIONS AT CLOSE OF EVIDENCE........................................................................ 17

   Role Of The Court..................................................................................................... 18

   Role Of The Jury ....................................................................................................... 19

   Final Instruction—Contact With Others and Outside Research ............................... 21

   Indictment Is Not Evidence...................................................................................... 23

   Presumption Of Innocence, Burden Of Proof, And Reasonable Doubt.................... 24

   Defendant's Failure to Testify [or Present Evidence].............................................. 26

Number Of Witnesses And Uncontradicted Testimony ........................................................... 27

Direct And Circumstantial Evidence .................................................................................... 28

Inference Defined ............................................................................................................... 29

Testimony, Exhibits, Stipulations, And Judicial Notice In General ......................................... 31

Stipulation Of Facts ........................................................................................................... 32

Charts And Summaries ........................................................................................................ 33

Character Evidence—Character Of The Defendant .............................................................. 35

Cross-Examination Of Witness On Defendant's Character ................................................... 36

Credibility Of Witnesses—Generally .................................................................................. 37

Credibility Of Witnesses—The Defendant As A Witness ...................................................... 39

Credibility Of Witnesses—Character For Untruthfulness ..................................................... 40

Statement by Defendant ..................................................................................................... 41

Law Enforcement Witness ................................................................................................... 42

Impeachment By Prior Inconsistent Statement ................................................................... 43

Expert Witness (Generally) ................................................................................................. 44

"Knowingly" Defined .......................................................................................................... 45

"Intentionally" Defined ...................................................................................................... 46

Good Faith Defense ............................................................................................................ 47

COUNT 1 .............................................................................................................................. 48

Count 1: Nature of Offense Charged—Conspiracy ............................................................. 49

Conspiracy—Elements of the Offense ................................................................................. 50

Conspiracy—Existence Of An Agreement ........................................................................... 51

Conspiracy—Membership In An Agreement ........................................................................ 53

Conspiracy—Termination of Conspiracy and Withdrawal .................................................... 54

Conspiracy—Acts And Declarations Of Co-Conspirators .................................................... 55

Conspiracy—Multiple Conspiracies .................................................................................... 56

Conspiracy—Objects for Count 1 ....................................................................................... 57

COUNTS 2 & 3 ..................................................................................................................... 58

Counts 2 & 3: Nature Of Offense Charged—Extortion Under Color of Official Right .......... 59

Extortion Under Color of Official Right—Elements Of The Offense ..................................... 60

Extortion Under Color of Official Right—Definition ............................................................. 61

Extortion Under Color of Official Right—Public Official ...................................................... 62

Extortion Under Color of Official Right—Official Act .......................................................... 63

Extortion Under Color of Official Right—Affect on Interstate Commerce ............................ 64

COUNTS 4 & 5 ............................................................................................................................ 65

Counts 4 & 5: Nature of Offense Charged—Receiving Bribes ............................................... 66

Receiving Bribes—Elements of the Offense .......................................................................... 67

Receiving Bribes—Public Official ......................................................................................... 68

Receiving Bribes—Official Act ............................................................................................. 69

Receiving Bribes—Corruptly ................................................................................................. 70

COUNT 6 .................................................................................................................................... 71

Count 6: Nature of the Offense—Conversion of Government Property .................................. 72

Conversion of Government Property—Elements of the Offense: ........................................... 73

Conversion of Government Property—"Conversion" Defined ............................................... 74

FORFEITURE INSTRUCTIONS ................................................................................................ 75

Forfeiture—General Instructions ........................................................................................... 76

Forfeiture—Definition of Proceeds ....................................................................................... 78

Forfeiture—Definition of "Traceable To" ............................................................................. 79

Forfeiture—Definition of "Nexus" ........................................................................................ 80

# INSTRUCTIONS AT BEGINNING OF TRIAL

# Proposed Jury Instruction No. 1.

## Opening Instruction at Beginning of Trial

This case is now officially on trial, and you are the jurors in the case. A preliminary word about your duties and trial procedures. The function of the jury is to decide the disputed fact issues in the case. Obviously, in order to discharge this duty, it is important that you listen carefully to the witnesses as they testify and form no judgment with respect to any witness or the outcome of the case as the trial moves forward. In short, it is important to keep an open mind throughout the entire trial.

I also usually suggest that it is equally important to observe the witnesses as they testify. The reason for this is that the credibility of most witnesses, if not all, will be an issue. You will be called upon to appraise the credibility or the truthfulness of a particular witness's testimony. Often times it is not what a witness says, but how the witness says it that may give you a clue as to whether or not to accept his or her version of an incident or an event as credible or believable. In short, the witness's manner of testifying before you, the witness's appearance—that is, general demeanor—is a factor that may play an important part in your reaching a judgment as to whether or not you can accept that witness's testimony as reliable.

As the trial proceeds, you may have impressions of a witness or a subject, but you must not allow these impressions to become fixed or hardened because if you do, in a sense you foreclose consideration of the testimony of other witnesses or other evidence that may come in subsequent to the witness you heard. This would be unfair to one side or the other. A case can be presented only step by step, witness by witness, before the totality of all the evidence is before you.

We know from experience that frequently we will hear a person give a version of an event which sounds most impressive and even compelling, and yet, when we hear another person's version of the same event or even the same witness cross examined with respect to it—what seemed so very compelling and impressive may be completely dissipated or weakened.

I am simply saying or trying to say to you in plain English, remember that usually there may be another side to every story. Thus, it is important to keep an open mind throughout the taking of evidence.

The defendant, his attorneys, and the government attorneys are now instructed not to speak to jurors or to speak about the case in your presence. Thus, you should understand that if they fail to acknowledge your presence, if you should see them at times when the court is not in session, they are not impolite or discourteous, but simply following the order of the court.

Now a word about trial procedure. The trial proper will start with what are called opening statements. The attorneys representing the government and the attorneys representing the defendant will, before any evidence is received, appear before you and make an opening statement. This is a sort of framework or reference as to what the case is about—the issues in the case—and the attorneys will set forth what they believe—and I underscore the word believe—the evidence will show. These statements by the lawyers are made in good faith and on the basis of their preparation for trial. But I must caution you now, and probably will again during the course of the trial, that, however helpful these opening statements may be so that we can follow the testimony with reference to the issues in the case, they are not a substitute for the evidence. The only evidence that you may act upon is that which you will hear from a witness who will be sworn in your presence, takes an oath to tell the truth, and following questioning on direct

examination, is subject to cross examination, and such documents or exhibits as are admitted in evidence.

The totality of the testimony of witnesses and the exhibits constitute the evidence upon which you will reach a verdict in the case. So, too, if during the course of the trial a lawyer for either the government or the defense should make any statement with reference to a fact matter, or include a fact reference in a question, or eventually in his summation refers to fact matters, you will bear in mind that statements by the lawyers are not evidence. The sole and only evidence is that to which I have already referred.

After the opening statements, the government will offer its proof—that is called the government's direct case. Upon the conclusion of the government's case, the defendant may go forward with his case. If there is any rebuttal, the government will offer rebuttal. The defendant is not required to make an opening statement or offer any proof. As I have already told you, the defendant has no burden of proof and is presumed to be innocent of the charges. The sole burden of proof is upon the government, and to sustain its charges, it must do so beyond a reasonable doubt. If the defendant decides not to make an opening statement or offer proof, in no respect may this be considered against him.

Upon the conclusion of all the testimony the lawyers will again address you. This is called a summation and each will urge upon you the arguments that he or she believes supports whatever position he or she advocates. You will, of course, listen attentively to the lawyers. The determination as to whether or not you accept any argument advanced before you by the prosecution or the defense is entirely up to you. You make the fact determination. You may accept such arguments as appeal to you; if not, you may reject them.

Following the lawyers' summation, the court will instruct you as to the law and it is then that you go into the jury room and undertake your fact-finding function. The ultimate decision in finding the facts, deciding the facts, is yours. This must be based upon the evidence presented before you.

**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 1-1.

<u>**Proposed Jury Instruction No. 2.**</u>

**Preliminary Instruction—Contact With Others and Out of Court Research**

Now that you have been chosen as jurors for this trial, you are required to decide this case based solely on the evidence and the exhibits that you see and hear in this courtroom. At the end of the case, I will give you instructions about the law that you must apply, and you will be asked to use that law, together with the evidence you have heard, to reach a verdict. In order for your verdict to be fair, you must not be exposed to any other information about the case, the law, or any of the issues involved in this trial during the course of your jury duty. This is very important, and so I am taking the time to give you some very detailed explanations about what you should do and not do during your time as jurors.

First, you must not try to get information from any source other than what you see and hear in this courtroom. This means you may not speak to anyone, including your family or friends. You may not use any printed or electronic sources to get information about this case or the issues involved. This includes the internet, reference books or dictionaries, newspapers, magazines, television, radio, computers, iPhones, Smartphones, or any other electronic device. You may not do any personal investigation, including visiting any of the places involved in this case, using Internet maps or Google Earth, talking to any possible witnesses, or creating your own demonstrations or reenactments of the events which are the subject of this case.

Second, you must not communicate with anyone about this case or your jury service, and you must not allow anyone to communicate with you. In particular, you may not communicate about the case via emails, text messages, tweets, blogs, chat rooms, comments or other postings, Facebook, MySpace, LinkedIn, or any other websites. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with

everyone else including your family members, your employer, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

The court recognizes that these rules and restrictions may affect activities that you would consider to be normal and harmless, and I assure you that I am very much aware that I am asking you to refrain from activities that may be very common and very important in your daily lives. However, the law requires these restrictions to ensure the parties have a fair trial based on the evidence that each party has had an opportunity to address. If one or more of you were to get additional information from an outside source, that information might be inaccurate or incomplete, or for some other reason not applicable to this case, and the parties would not have a chance to explain or contradict that information because they wouldn't know about it. That's why it is so important that you base your verdict only on information you receive in this courtroom.

Some of you may have heard about trials where the jurors are not permitted to go home at night, or were sequestered for the entire length of the trial. For a variety of reasons, this is something we rarely do anymore. It is far more of an imposition on your lives than the court wishes to make. However, it was effective in keeping jurors away from information that might affect the fairness of the trial—that was the entire purpose.

You must not engage in any activity, or be exposed to any information, that might unfairly affect the outcome of this case. Any juror who violates these restrictions I have explained to you jeopardizes the fairness of these proceedings, and a mistrial could result that

would require the entire trial process to start over. As you can imagine, a mistrial is a tremendous expense and inconvenience to the parties, the court, and the taxpayers. If any juror is exposed to any outside information, or has any difficulty whatsoever in following these instructions, please notify the court immediately. If any juror becomes aware that one of your fellow jurors has done something that violates these instructions, you are obligated to report that to the court as well. If anyone tries to contact you about the case, either directly or indirectly, or sends you any information about the case, please report this promptly as well.

These restrictions must remain in effect throughout this trial. Once the trial is over, you may resume your normal activities. At that point, you will be free to read or research anything you wish. You will be able to speak—or choose not to speak—about the trial to anyone you wish. You may write, or post, or tweet about the case if you choose to do so. The only limitation is that you must wait until after the verdict, when you have been discharged from your jury service.

**Authority:**

American College of Trial Lawyers, Jury Instruction Cautioning Against Use of the Internet and Social Networking (Sept. 2010); *see also United States v. Lawson*, 677 F.3d 629 (4th Cir. 2012); *United States v. LaRoque*, No. 4:12-CR-88-H (E.D.N.C. February 20, 2014) (new trial ordered where member of the jury performed their own internet research on the case).

## Proposed Jury Instruction No. 3.

### Note-Taking By Jury

If you want to take notes during the course of the trial, you may do so. If you do take notes, be sure that your note-taking does not interfere with your listening to and considering all of the evidence. Also, if you take notes, do not discuss them with anyone before or during your deliberations. Your notes are to be used solely to assist you and are not to substitute for your recollection of the evidence in the case. The fact that a particular juror has taken notes entitles that juror's views to no greater weight than those of any other juror, and your notes are not to be shown to any other juror during your deliberations.

**Authority:**

Adapted from Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 1-3; *see also United States v. Wild*, 47 F.3d 669 (4th Cir. 1995).

## Proposed Jury Instruction No. 4.

### Objections And Rulings

Testimony and exhibits can be admitted into evidence during a trial only if they meet certain criteria or standards. It is the sworn duty of the attorneys on each side of a case to object when the other side offers testimony or an exhibit which that attorney believes is not properly admissible under the rules of law. Only by raising an objection can a lawyer request and then obtain a ruling from the Court on the admissibility of the evidence being offered by the other side. You should not be influenced against an attorney or his or her client because the attorney has made objections.

When the Court sustains an objection, you must ignore the question and must not guess or speculate as to what the answer would have been. Do not attempt, moreover, to interpret my rulings on objections as somehow indicating how I think you should decide this case. I am simply making a ruling on a legal question.


**Authority:**

Adapted from O'Malley et al., Federal Jury Practice and Instructions § 11.03.

## Proposed Jury Instruction No. 5.

### Indictment Is Not Evidence

During the trial, you may hear about the indictment in this case. An indictment is only a formal method used by the government to accuse the defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, he begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

**Authority:**

Adapted from O'Malley et al., Federal Jury Practice and Instructions § 13.04; *see also United States v. Polowichak*, 783 F.2d 410 (4th Cir. 1986).

**Proposed Jury Instruction No. 6.**

**Presumption Of Innocence, Burden Of Proof, And Reasonable Doubt**

You must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant for the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offenses charged in the indictment, you must find the defendant not guilty of the offenses. If the jury views the evidence in the case as reasonably

permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

**Authority:**

O'Malley et al., Federal Jury Practice and Instructions § 12.10; *see also Bell v. Wolfish*, 441 U.S. 520 (1979); *Holland v. United States*, 348 U.S. 121 (1954); *United States v. Spires*, 628 F.3d 1049 (8th Cir. 2011); *United States v. Reives*, 15 F.3d 42 (4th Cir. 1994); *United States v. Van Anh*, 523 F.3d 43 (1st Cir. 2008).

# INSTRUCTIONS AT
# CLOSE OF EVIDENCE

## Proposed Jury Instruction No. 7.

### Role Of The Court

You have now heard all of the evidence in the case as well as the final arguments of the lawyers for the parties.

My duty at this point is to instruct you as to the law. It is your duty to accept these instructions of law and apply them to the facts as you determine them, just as it has been my duty to preside over the trial and decide what testimony and evidence is relevant under the law for your consideration.

On these legal matters, you must take the law as I give it to you. If any attorney has stated a legal principle different from any that I state to you in my instructions, it is my instructions that you must follow.

You should not single out any instruction as alone stating the law, but you should consider my instructions as a whole when you retire to deliberate in the jury room.

You should not, any of you, be concerned about the wisdom of any rule that I state. Regardless of any opinion that you may have as to what the law may be—or ought to be—it would violate your sworn duty to base a verdict upon any other view of the law than that which I give you.


**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 2-2.

**Proposed Jury Instruction No. 8.**

**Role Of The Jury**

Your final role is to pass upon and decide the fact issues that are in the case. You, the members of the jury, are the sole and exclusive judges of the facts. You pass upon the weight of the evidence; you determine the credibility of the witnesses; you resolve such conflicts as there may be in the testimony; and you draw whatever reasonable inferences you decide to draw from the facts as you have determined them.

I shall later discuss with you how to pass upon the credibility—or believability—of the witnesses.

In determining the facts, you must rely upon your own recollection of the evidence. What the lawyers have said in their opening statements, in their closing arguments, in their objections, or in their questions is not evidence. In this connection, you should bear in mind that a question put to a witness is never evidence. It is only the answer which is evidence. Nor is anything I may have said during the trial or may say during these instructions with respect to a fact matter to be taken in substitution for your own independent recollection. What I say is not evidence.

The evidence before you consists of the answers given by witnesses—the testimony they gave, as you recall it—and the exhibits that were received in evidence.

The evidence does not include questions. Only the answers are evidence. But you may not consider any answer that I directed you to disregard or that I directed struck from the record. Do not consider such answers.

You may also consider the stipulations of the parties as evidence.

Since you are the sole and exclusive judges of the facts, I do not mean to indicate any opinion as to the facts or what your verdict should be. The rulings I have made during the trial

are not any indication of my views of what your decision should be as to whether or not the guilt of the defendant has been proven beyond a reasonable doubt.

I also ask you to draw no inference from the fact that upon occasion I asked questions of certain witnesses. These questions were only intended for clarification or to expedite matters and certainly were not intended to suggest any opinions on my part as to the verdict you should render or whether any of the witnesses may have been more credible than any other witness. You are expressly to understand that the court has no opinion as to the verdict you should render in this case.

As to the facts, ladies and gentlemen, you are the exclusive judges. You are to perform the duty of finding the facts without bias or prejudice as to any party.

**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 2-3.

**Proposed Jury Instruction No. 9.**

**Final Instruction—Contact With Others and Outside Research**

During your deliberations, you should not discuss, or provide any information about, the case with anyone. This includes discussing the case in person, in writing, by phone or by any electronic means, via text messaging, e-mail, Facebook, LinkedIn, Twitter, blogging or any Internet chat room, web site or other feature. In other words, do not talk to anyone on the phone or in person, correspond with anyone, or communicate by electronic means about this case with anyone except with your fellow jurors and only then while you are in the jury room.

If you are asked or approached in any way about your jury service or anything about this case, you should respond that you have been ordered by the judge not to discuss the matter, and you should report the contact to the court as soon as possible.

Along the same lines, you should not try to access any information about the case or do research on any issue that arose during the trial from any outside source, including dictionaries, reference books, or anything on the Internet. Information that you may find on the Internet or in a printed reference might be incorrect or incomplete, and such information is not subject to examination by lawyers for both sides of the case.  It is this type of testing of evidence that ensures that the truth is found.  Only evidence properly admitted in this courtroom meets this test.

Thus, in our court system, it is important that you not be influenced by anyone or anything outside this courtroom. Your sworn duty is to decide this case solely and wholly on the evidence that was presented to you in this courtroom.

**Authority:**

Adaptation of Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 2-21 (Adding italicized language: "Information that you may find on the Internet or in a printed reference might be incorrect or incomplete, *and such information is not subject to examination by lawyers for both sides of the case. It is this type of testing of evidence that ensures that the truth is found. Only evidence properly admitted in this courtroom meets this test*."); *see also United States v. Lawson*, 677 F.3d 629 (4th Cir. 2012); *United States v. LaRoque*, No. 4:12-CR-88-H (E.D.N.C. February 20, 2014) (new trial ordered where member of the jury performed their own internet research on the case during jury deliberations).

**<u>Proposed Jury Instruction No. 10.</u>**

**Indictment Is Not Evidence**

During the trial, you may hear about the indictment in this case. An indictment is only a formal method used by the government to accuse the defendant of a crime. It is not evidence of any kind against the defendant. The defendant is presumed to be innocent of the crime charged. Even though this indictment has been returned against the defendant, he begins this trial with absolutely no evidence against him.

The defendant has pled "Not Guilty" to this indictment and, therefore, denies that he is guilty of the charges.

**Authority:**

Adapted from O'Malley et al., Federal Jury Practice and Instructions § 13.04; *see also United States v. Polowichak*, 783 F.2d 410 (4th Cir. 1986).

<u>**Proposed Jury Instruction No. 11.**</u>

**Presumption Of Innocence, Burden Of Proof, And Reasonable Doubt**

You must presume the defendant to be innocent of the crimes charged. Thus the defendant, although accused of crimes in the indictment, begins the trial with a "clean slate"—with no evidence against him. The indictment, as you already know, is not evidence of any kind. The defendant is, of course, not on trial for any act or crime not contained in the indictment. The law permits nothing but legal evidence presented before the jury in court to be considered in support of any charge against the defendant. The presumption of innocence alone, therefore, is sufficient to acquit the defendant.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to the defendant for the law never imposes upon the defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. The defendant is not even obligated to produce any evidence by cross-examining the witnesses for the government.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense—the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

Unless the government proves, beyond a reasonable doubt, that the defendant has committed each and every element of the offenses charged in the indictment, you must find the defendant not guilty of the offenses. If the jury views the evidence in the case as reasonably

permitting either of two conclusions—one of innocence, the other of guilt—the jury must, of course, adopt the conclusion of innocence.

**Authority:**

O'Malley et al., Federal Jury Practice and Instructions § 12.10; *see also Bell v. Wolfish*, 441 U.S. 520 (1979); *Holland v. United States*, 348 U.S. 121 (1954); *United States v. Spires*, 628 F.3d 1049 (8th Cir. 2011); *United States v. Reives*, 15 F.3d 42 (4th Cir. 1994); *United States v. Van Anh*, 523 F.3d 43 (1st Cir. 2008).

## Proposed Jury Instruction No. 12.

### Defendant's Failure to Testify [or Present Evidence]

The defendant has an absolute right not to testify [or present evidence].  You may not consider in any way the fact that the defendant did not testify [or present evidence].  You should not even discuss it in your deliberations.


**Authority:**

Seventh Circuit Pattern Jury Instructions, 2012 ed. (citing and quoting *Carter v. Kentucky*, 450 U.S. 288, 303 (1981) ("No judge can prevent jurors from speculating about why the defendant stands mute in the face of a criminal accusation, but a judge can, and must, if requested to do so, use the unique power of the jury instruction to reduce that speculation to a minimum.").

**Proposed Jury Instruction No. 13.**

**Number Of Witnesses And Uncontradicted Testimony**

The fact that one party called more witnesses and introduced more evidence than the other does not mean that you should necessarily find the facts in favor of the side offering the most witnesses. By the same token, you do not have to accept the testimony of any witness who has not been contradicted or impeached, if you find the witness not to be credible.

You also have to decide which witnesses to believe and which facts are true. To do this, you must look at all the evidence, drawing upon your own common sense and personal experience. (After examining all the evidence, you may decide that the party calling the most witnesses has not persuaded you because you do not believe its witnesses, or because you do believe the fewer witnesses called by the other side.)

In a moment, I will discuss the criteria for evaluating credibility; for the moment, however, you should keep in mind that the burden of proof is always on the government and the defendant is not required to call any witnesses or offer any evidence, since he is presumed to be innocent.

**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 4-3.

**<u>Proposed Jury Instruction No. 14.</u>**

**Direct And Circumstantial Evidence**

There are two types of evidence that are generally presented during a trial—direct evidence and circumstantial evidence. Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact. The law makes no distinction between the weight or value to be given to either direct or circumstantial evidence. Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence. You should weigh all the evidence in the case.

**Authority:**

O'Malley et al., Federal Jury Practice and Instructions § 12.04.

**<u>Proposed Jury Instruction No. 15.</u>**

**Inference Defined**

During the trial you have heard the attorneys use the term "inference," and in their arguments, they have asked you to infer, on the basis of your reason, experience, and common sense, from one or more established facts, the existence of some other fact.

An inference is not a suspicion or a guess. It is a reasoned, logical decision to conclude that a disputed fact exists on the basis of another fact which you know exists.

There are times when different inferences may be drawn from facts, whether proved by direct or circumstantial evidence. The government asks you to draw one set of inferences, while the defense asks you to draw another. It is for you, and you alone, to decide what inferences you will draw.

The process of drawing inferences from facts in evidence is not a matter of guesswork or speculation. An inference is a deduction or conclusion that you, the jury, are permitted to draw—but not required to draw—from the facts which have been established by either direct or circumstantial evidence. In drawing inferences, you should exercise your common sense.

So, while you are considering the evidence presented to you, you are permitted to draw, from the facts which you find to be proven, such reasonable inferences as would be justified in light of your experience.

Here again, let me remind you that, whether based upon direct or circumstantial evidence, or upon the logical, reasonable inferences drawn from such evidence, you must be satisfied of the guilt of the defendant beyond a reasonable doubt before you may convict.

**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 6-1; *see also Turner v. United States*, 396 U.S. 398 (1970); *Holland v. United States*, 348 U.S. 121 (1954).

**Proposed Jury Instruction No. 16.**

**Testimony, Exhibits, Stipulations, And Judicial Notice In General**

The evidence in this case consists of the sworn testimony of the witnesses, the exhibits received in evidence, stipulations and judicially noticed facts.

Exhibits that have been marked for identification but not received into evidence may not be considered by you as evidence. Only those exhibits received into evidence may be considered as evidence.

Similarly, you are to disregard any testimony that I have ordered to be stricken. As I indicated before, only the admitted exhibits and witnesses' answers are evidence, and you are not to consider a question as evidence. Similarly, statements by counsel are not evidence.

You should consider the evidence in light of your own common sense and experience, and you may draw reasonable inferences from the evidence.

Anything you may have seen or heard about this case outside the courtroom is not evidence and must be entirely disregarded.

**Argument:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 5-4.

**<u>Proposed Jury Instruction No. 17.</u>**

**Stipulation Of Facts**

A stipulation is an agreement among the parties that a certain fact is true. You should regard such agreed facts as true.

**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 5-6; *see also United States v. Muse*, 83 F.3d 672 (4th Cir. 1996).

**<u>Proposed Jury Instruction No. 18.</u>**

**Charts And Summaries**

[If not admitted]

The government (or defense) has presented exhibits in the form of charts and summaries. These charts and summaries were shown to you in order to make the other evidence more meaningful and to aid you in considering the evidence. They are no better than the testimony or the documents upon which they are based, and are not themselves independent evidence. Therefore, you are to give no greater consideration to these schedules or summaries than you would give to the evidence upon which they are based.

It is for you to decide whether the charts, schedules, or summaries correctly present the information contained in the testimony and in the exhibits on which they were based. You are entitled to consider the charts, schedules and summaries if you find that they are of assistance to you in analyzing and understanding the evidence.

**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 5-13; *see also United States v. Loayza*, 107 F.3d 257 (4th Cir. 1997).

[If admitted]

The government (or defense) has presented exhibits in the form of charts and summaries. I decided to admit these charts and summaries in place of the underlying documents that they represent in order to save time and avoid unnecessary inconvenience. You should consider these charts and summaries as you would any other evidence.

**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 5-12; *see also United States v. Loayza*, 107 F.3d 257 (4th Cir. 1997); *United States v. Foley*, 598 F.2d 1323 (4th Cir. 1979).

## Proposed Jury Instruction No. 19.

### Character Evidence—Character Of The Defendant

The defendant has offered evidence of his good character for various traits. The jury should consider this evidence along with all the other evidence in the case in reaching its verdict.

Evidence of the defendant's character that is inconsistent with those traits of character ordinarily involved in the commission of the crimes charged may give rise to a reasonable doubt since the jury may think it improbable or unlikely that a person with the defendant's character would commit such crimes.

Notwithstanding the evidence of character, if, after weighing all the evidence, you are convinced beyond a reasonable doubt that the defendant is guilty of the crimes charged, you should find him guilty. On the other hand, evidence of good character alone may create a reasonable doubt as to the defendant's guilt, although without it the other evidence would be convincing.


**Authority:**

Adapted from O'Malley et al., Federal Jury Practice and Instructions § 15.01; *see also Michelson v. United States*, 335 U.S. 469 (1948); *Edgington v. United States*, 164 U.S. 361 (1896).

**<u>Proposed Jury Instruction No. 20.</u>**

**Cross-Examination Of Witness On Defendant's Character**

The prosecution asked certain questions on cross-examination of the defendant's character witness about specific acts supposedly committed by the defendant. I caution you that the prosecution was allowed to ask these questions only to help you decide whether the witness was accurate in forming his opinion or in describing the reputation of the defendant's character. You may not assume that the acts described in these questions are true, nor may you consider them as evidence that the defendant committed the crime for which he or she is charged. You may therefore consider the questions only in deciding what weight, if any, should be given to the testimony of the character witness and for no other purpose. You should not consider such questions as any proof of the conduct stated in the question.

**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 5-16; *see also Michelson v. United States*, 335 U.S. 469 (1948).

## Proposed Jury Instruction No. 21.

### Credibility Of Witnesses—Generally

You, as jurors, are the sole and exclusive judges of the credibility of each of the witnesses called to testify in this case, and only you determine the importance or the weight, if any, that their testimony deserves. After making your assessment concerning the credibility of a witness, you may decide to believe all of that witness' testimony, only a portion of it, or none of it.

In making your assessment of that witness you should carefully scrutinize all of the testimony given by that witness, the circumstances under which each witness has testified, and all of the other evidence which tends to show whether a witness, in your opinion, is worthy of belief. Consider each witness's intelligence, motive to falsify, state of mind, and appearance and manner while on the witness stand. Consider the witness's ability to observe the matters as to which he or she has testified and consider whether he or she impresses you as having an accurate memory or recollection of these matters. Consider also any relation a witness may bear to either side of the case, the manner in which each witness might be affected by your verdict, and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness or between the testimony of different witnesses may or may not cause you to disbelieve or discredit such testimony. Two or more persons witnessing an incident or a transaction may simply see or hear it differently. Innocent misrecollection, like failure of recollection, is not an uncommon human experience. In weighing the effect of a discrepancy, however, always consider whether it pertains to a matter of importance or an insignificant detail and consider whether the discrepancy results from innocent error or from intentional falsehood.

After making your own judgment or assessment concerning the believability of a witness, you can then attach such importance or weight to that testimony, if any, that you feel it deserves. You will then be in a position to decide whether the government has proven the charges beyond a reasonable doubt.

**Authority:**

O'Malley et al., Federal Jury Practice and Instructions § 15.01; *see also United States v. Varner*, 748 F.2d 925 (4th Cir. 1984).

**<u>Proposed Jury Instruction No. 22.</u>**

**Credibility Of Witnesses—The Defendant As A Witness**

You should judge the testimony of any defendant who testifies in the same manner as you judge the testimony of any other witness in this case.


**Authority:**

O'Malley et al., Federal Jury Practice and Instructions § 15.12; *see also United States v. Varner*, 748 F.2d 925 (4th Cir. 1984).

**<u>Proposed Jury Instruction No. 23.</u>**

**Credibility Of Witnesses—Character For Untruthfulness**

The credibility of a witness may be discredited or impeached by evidence showing that the general reputation of the witness for truthfulness is bad or by testimony in the form of an opinion that the witness's character for truthfulness is bad. If you believe a witness has been so impeached and thus discredited during this trial, it is your exclusive right to give the testimony of that impeached witness such weight, if any, you think it deserves. You may consider this evidence of a witness' bad character for truthfulness as one of the circumstances you assess in determining whether or not to believe the testimony of that witness.

**Authority:**

Adapted from O'Malley et al., Federal Jury Practice and Instructions § 15.09.

## Jury Instruction No. 24.

### Statement by Defendant

You have heard testimony that the defendant; made a statement to [name of person or agency]. You must decide whether the defendant actually made the statement and, if so, how much weight to give to the statement. In making these decisions, you should consider all of the evidence, including the defendant's personal characteristics and circumstances under which the statement may have been made.

**Authority:**

Seventh Circuit Pattern Criminal Jury Instruction, 2012 ed.

## Jury Instruction No. 25.

### Law Enforcement Witness

You have heard the testimony of a law enforcement official. The fact that a witness may be employed by the federal or state government as a law enforcement official does not mean that his testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

At the same time, it is quite legitimate for defense counsel to try to attack the credibility of a law enforcement witness on the grounds that his testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness and to give to that testimony whatever weight, if any, you find it deserves.

**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 7-16; *see also United States v. Bethancourt*, 65 F.3d 1074 (3d Cir. 1995); *Bush v. United States*, 375 F.2d 602 (D.C. Cir. 1967).

**Proposed Jury Instruction No. 26.**

**Impeachment By Prior Inconsistent Statement**

You have heard evidence that a witness made a statement on an earlier occasion which counsel argues is inconsistent with the witness' trial testimony. Evidence of a prior inconsistent statement is not to be considered by you as affirmative evidence bearing on the defendant's guilt. Evidence of the prior inconsistent statement was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself. If you find that the witness made an earlier statement that conflicts with his trial testimony, you may consider that fact in deciding how much of his trial testimony, if any, to believe.

In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to be given to the inconsistent statement in determining whether to believe all or part of the witness' testimony.

**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 7-16; *see also United States v. Rogers*, 549 F.2d 490 (8th Cir. 1976).

## Proposed Jury Instruction No. 27.

### Expert Witness (Generally)

In this case, I have permitted certain witnesses to express their opinions about matters that are in issue. A witness may be permitted to testify to an opinion on those matters about which he or she has special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness' qualifications, his or her opinions, the reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning his or her opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

**Authority:**

Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 7-21; *see also United States v. Rrapi*, 175 F.3d 742 (9th Cir. 1999); *United States v. Herring*, 955 F.2d 703 (11th Cir. 1992).

**Proposed Jury Instruction No. 28.**

**"Knowingly" Defined**

The term "knowingly," as used in these instructions to describe the alleged state of mind of the defendant, means that he was conscious and aware of his actions, realized what he was doing or what was happening around him, and acted intentionally and voluntarily, not because of ignorance, mistake, accident, or carelessness.

**Authority:**

Adapted from O'Malley et al., Federal Jury Practice and Instructions § 17.04 and Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 3A-1; *see also United States v. Lighty*, 616 F.3d 321 (4th Cir. 2010).

**Proposed Jury Instruction No. 29.**

**"Intentionally" Defined**

The term "intentionally," as used in these instructions, means to act deliberately and purposefully. That is, the defendant's acts must have been the product of his conscious objective rather than the product of a mistake or accident.

**Authority:**

Adapted from Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 3A-4; *see also United States v. Bell*, 584 F.3d 478 (2d Cir. 2009).

**<u>Proposed Jury Instruction No. 30.</u>**

**Good Faith Defense**

Good faith is an absolute defense to all charges in this case.

If the defendant believed in good faith that he or she was acting properly, even if he or she was mistaken in that belief, and even if others were injured by his or her conduct, there would be no crime.

The burden of establishing lack of good faith and criminal intent rests upon the prosecution. The defendant is under no burden to prove his or her good faith; rather, the prosecution must prove bad faith beyond a reasonable doubt.

**Authority:**

Adapted from Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 8-1; *see also United States v. Hirschfeld*, 964 F.2d 318 (4th Cir. 1992).

# COUNT 1

## Proposed Jury Instruction No. 31.

### Count 1: Nature of Offense Charged—Conspiracy

In Count 1, the Indictment alleges that from in or about 2009 through in or about May 2011, in the Eastern District of North Carolina and elsewhere, defendant Harry C. Mann, Rudy Lozano, and John Williams did knowingly and intentionally conspire with each other and with others, both known and unknown to the grand jury, to commit extortion under color of official right in violation of Title 18, United States Code, Section 1951, and to commit the crime of accepting bribes in violation of Title 18, United States Code, Section 201(b)(2)(A).

Mr. Mann has entered a plea of not guilty to this charge. The Government, therefore, assumes the responsibility of proving beyond a reasonable doubt each of the essential elements of the offense charged in Count 1 of the Indictment.

**Authority:**

Adapted from O'Malley et al., Federal Jury Practice and Instructions § 31.01.

<u>**Proposed Jury Instruction No. 32.**</u>

**Conspiracy—Elements of the Offense**

In order to sustain its burden of proof for the crime of conspiracy to commit extortion under color of official right and accepting bribes as charged in Count 1 of the Indictment, the government must prove the following three essential elements beyond a reasonable doubt:

*First*: The conspiracy between Harry C. Mann, Rudy Lozano and John Williams to commit extortion under color of official right and accepting bribes existed;

*Second*: The Defendant knowingly and intentionally became a member of the conspiracy with an intent to advance the conspiracy;

*Third*: One of the co-conspirators committed an overt act in an effort to advance the goals of the conspiracy before that co-conspirator withdrew from the conspiracy or the conspiracy terminated.

**Authority:**

Adapted from Seventh Circuit Pattern Jury Instructions, 2012 ed. § 5.08(A); *see also United States v. walls*, 577 F. Supp 772, 773 (N.D.Ga 1984) (conspiracy terminates when only other co-conspirator becomes government informant).

<u>**Proposed Jury Instruction No. 33.**</u>

**Conspiracy—Existence Of An Agreement**

A criminal conspiracy is an agreement or a mutual understanding knowingly made or knowingly entered into by at least two people to violate the law by some joint or common plan or course of action. A conspiracy is, in a very true sense, a partnership in crime.

The government must prove that the Defendant, Rudy Lozano, and John Williams knowingly and deliberately arrived at an agreement or understanding that they, and perhaps others, would commit extortion under color of official right and accept bribes by means of some common plan or course of action as alleged in Count 1 of the indictment.

It is proof of this conscious understanding and deliberate agreement by the alleged members to commit the alleged crimes that should be central to your consideration of the charge of conspiracy.

A conspiracy or agreement to violate the law, like any other kind of agreement or understanding, need not be formal, written, or even expressed directly in every detail. But a conspiracy cannot be inferred from ambiguous conduct that is consistent with both lawful and unlawful action. To prove a conspiracy, the government must present evidence that excludes beyond a reasonable doubt the possibility of innocent action.

Unless the government proves beyond a reasonable doubt that a conspiracy, as just explained, actually existed, then you must acquit Mr. Mann.

**Authority:**

Adapted from O'Malley et al., Federal Jury Practice and Instructions § 31.04; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553-54 (2007) (holding that proof of a conspiracy "must include

evidence tending to exclude the possibility of [innocent] action"); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that inferences of illegal intent may not be drawn from ambiguous conduct that is consistent with both lawful and unlawful intent and that suggests only the "mere possibility of misconduct"); *see also United States v. Lewis*, 53 F.3d 29 (4th Cir. 1995).

**Proposed Jury Instruction No. 34.**

**Conspiracy—Membership In An Agreement**

Before the jury may find that the Mr. Mann, or any other person, became a member of the conspiracy charged in Count 1 of the indictment, the evidence in the case must show beyond a reasonable doubt that Mr. Mann knew the purpose or goal of the agreement and then deliberately entered into the agreement intending, in some way, to accomplish the goal or purpose by this common plan or joint action.

Merely associating with others and discussing common goals, mere similarity of conduct between or among such persons, merely being present at the place where a crime takes place or is discussed, or even knowing about criminal conduct does not, of itself, make someone a member of the conspiracy or a conspirator.

**Authority:**

O'Malley et al., Federal Jury Practice and Instructions § 31.05; *see also United States v. Lewis*, 53 F.3d 29 (4th Cir. 1995).

## Proposed Jury Instruction No. 35.

### Conspiracy—Termination of Conspiracy and Withdrawal

Because a conspiracy is an agreement between two or more people to commit a crime, a conspiracy terminates once all but one person withdraws from the conspiracy.

A person withdraws from a conspiracy when he undermines the purposes of the conspiracy by, for example, becoming an informant for the Government.


**Authority:**

*United States v. Walls*, 577 F. Supp 772, 773 (N.D.Ga 1984) (conspiracy terminates when only other co-conspirator becomes government informant).

## Proposed Jury Instruction No. 36.

### Conspiracy—Acts And Declarations Of Co-Conspirators

Evidence has been received in this case that certain unidentified persons, who are alleged in Count 1 of the indictment to be co-conspirators of Mr. Mann, Rudy Lozano and John Williams, have done or said things during the existence or life of the alleged conspiracy in order to further or advance its goal.

Such acts and statements of these other individuals may be considered by you in determining whether or not the government has proven the charges in Count 1 of the indictment against the defendant.

Since these acts may have been performed and these statements may have been made outside the presence of the defendant and even done or said without the defendant's knowledge, these acts or statements should be examined with particular care by you before considering them against the defendant who did not do the particular act or make the particular statement.

**Authority:**

Adapted from O'Malley et al., Federal Jury Practice and Instructions § 31.06.

**Jury Instruction No. 37.**

**Conspiracy—Multiple Conspiracies**

Whether there existed a single unlawful agreement, or many such agreements, or indeed, no agreement at all, is a question of fact for you, the jury, to determine in accordance with the instructions I am about to give you.

If you find that the conspiracy charged in the indictment did not exist, you cannot find the defendant guilty of the single conspiracy charged in the indictment. This is so even if you find that some conspiracy other than the one charged in this indictment existed, even though the purposes of both conspiracies may have been the same and even though there may have been some overlap in membership.

Similarly, if you find that Mr. Mann was a member of another conspiracy, and not the one charged in the indictment, then you must acquit Mr. Mann of the conspiracy charge.

Therefore, what you must do is determine whether the conspiracy charged in the indictment existed.

**Authority:**

Adapted from Sand et al., Modern Federal Jury Instructions—Criminal, Instruction 19-5; *see also United States v. Mansoori*, 304 F.3d 635 (7th Cir. 2002); *United States v. Schlei*, 122 F.3d 944 (11th Cir. 1997).

**Proposed Jury Instruction No. 38.**

**Conspiracy—Objects for Count 1**

To prove that the defendant conspired to commit a federal offense, the government must prove that the defendant acted with the same intent required to be proven for the commission of that federal offense. Therefore, I will explain to you the offenses of extortion under color of official right and accepting bribes.

[INSERT PROPOSED JURY INSTRUCTIONS NOs. 39 - 49.]

**Authority:**

*United States v. Feola*, 420 U.S. 671, 686 (1975).

# COUNTS 2 & 3

**<u>Proposed Jury Instruction No. 39.</u>**

**Counts 2 & 3: Nature Of Offense Charged—Extortion Under Color of Official Right**

In Count 2, the indictment alleges that beginning in or about 2009 and continuing up to and including May 2010, in the Eastern District of North Carolina and elsewhere, defendant Harry C. Mann knowingly obstructed, delayed, and affected interstate commerce by extortion, that is, by obtaining property not due Harry C. Mann or his office and to which Harry C. Mann was not entitled, from Rudy Lozano, with his consent, under color of official right.

In Count 3, the indictment alleges that beginning in or about 2010 and continuing up to and including May 2011, in the Eastern District of North Carolina and elsewhere, defendant Harry C. Mann knowingly obstructed, delayed, and affected interstate commerce by extortion, that is, by obtaining property not due Harry C. Mann or his office and to which Harry C. Mann was not entitled, from John Williams, with his consent, under color of official right.

Mr. Mann has entered a plea of not guilty to these charges. The government, therefore, assumes the responsibility of proving beyond a reasonable doubt each of the essential elements of the offenses charged in Counts 2 & 3 of the indictment.

**Authority:**

18 U.S.C. § 1951.

**<u>Proposed Jury Instruction No. 40.</u>**

**Extortion Under Color of Official Right—Elements Of The Offense**

In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that the defendant knowingly obtained money or property from the victim;

*Second*, that the defendant did so by means of extortion under color of official right;

*Third*, that the victim consented to part with the money or property because of the extortion;

*Fourth*, that the defendant believed that the victim parted with the money or property because of the extortion; and

*Fifth*, that the conduct of the defendant affected interstate commerce.


**Authority:**

Seventh Circuit Pattern Criminal Jury Instructions, 2012 ed.

**Proposed Jury Instruction No. 41.**

**Extortion Under Color of Official Right—Definition**

Extortion under color of official right means (1) a public official (2) obtaining property to which neither he nor his office is entitled (3) knowing that the property was given in return for an official act.

Extortion under color of official right can be proven even if the official was already duty bound to take or withhold the action in question, or even if the official did not have the official power or authority to take or withhold the action in question, as long as the victim reasonably believed that the official had that official authority or power.

In this case, the alleged official act was the selection of Rudy Lozano and John Williams to remove and dispose of government property from the Dare County Bombing Range.

**Authority:**

Adaptation of Fifth Circuit Pattern Criminal Jury Instruction, 2012 ed., § 2.74; *see also Evans*, 504 U.S. at 268; *McCormick v. United States*, 500 U.S. 257, 261, n.4, 271 (1991); Indictment ¶¶ 20, 22 (incorporating by reference ¶ 18(a) into Counts 2 & 3).

**<u>Proposed Jury Instruction No. 42.</u>**

**Extortion Under Color of Official Right—Public Official**

The term "public official" means Member of Congress, Delegate, or Resident Commissioner, either before or after such official has qualified, or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, including the District of Columbia, in any official function, under or by authority of any such department, agency, or branch of Government, or a juror.

Authority:

18 U.S.C. § 201(a)(1).

<u>**Proposed Jury Instruction No. 43.**</u>

**Extortion Under Color of Official Right—Official Act**

The term "official act" means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before the public official, in such official's official capacity, or in such official's place of trust or profit.  In order words, the term official act encompasses a public official's official duties, both those established by law and those that are clearly established by settled practice as part of the public official's official position.


**Authority:**

Adaptation of 18 U.S.C. § 201(a)(3) (changing "which may by law be brought before *any* public official" to "*the* public official").  *United States v. Jefferson*, 634 F. Supp. 2d 595, 601-02 (E.D. Va. 2009) <u>aff'd</u>, 674 F.3d 332 (4th Cir. 2012), *as amended* (Mar. 29, 2012) (holding that "the phrase "any public official" must reasonably be read to refer to the charged public official, not any public official, whether charged or not. In other words, the statute's use of "any" before "public official" signifies that any public official can engage in an "official act" by acting on an issue pending before *him,* not that the charged public official can engage in an "official act" by acting on an issue pending before *another* public official."); *see also United States v. Jefferson*, 674 F.3d 332, 351 (4th Cir. 2012).

**Proposed Jury Instruction No. 44.**

**Extortion Under Color of Official Right—Affect on Interstate Commerce**

The government is not required to prove that the defendant knew that his conduct would obstruct, delay, or affect interstate commerce. It is not necessary for the government to show that the defendant actually intended or anticipated an effect on interstate commerce by his actions. All that is necessary is that the natural and probable consequence of the acts the defendant took would be to affect interstate commerce. If you decide that there would be any effect at all on interstate commerce, then that is enough to satisfy this element.

However, the effect on interstate commerce must be real. It is not sufficient to show that commerce was somehow implicated in the course of events.

**Authority:**

Adaptation of Fifth Circuit Pattern Criminal Jury Instructions, 2012 ed. 2.74 (added "interstate" before commerce).

# COUNTS 4 & 5

<u>**Proposed Jury Instruction No. 45.**</u>

**Counts 4 & 5: Nature of Offense Charged—Receiving Bribes**

In Count 4, the indictment alleges that beginning in or about 2009 and continuing up to and including May 2010, in the Eastern District of North Carolina and elsewhere, defendant Harry C. Mann, being a public official, directly and indirectly corruptly demanded, received and accepted, and agreed to receive and accept, something of value personally from Rudy Lozano in exchange for being influenced in the performance of an official act, that act being Mann's decision to dispose of specified government property through Lozano's salvage and recycling business.

In Count 5, the indictment alleges that beginning in or about 2010 and continuing up to and including May 2011, in the Eastern District of North Carolina and elsewhere, defendant Harry C. Mann, being a public official, directly and indirectly corruptly demanded, received and accepted, and agreed to receive and accept, something of value personally from John Williams in exchange for being influenced in the performance of an official act, that act being Mann's decision to dispose of specified government property through Williams' salvage and recycling business.

Mr. Mann has entered a plea of not guilty to these charges. The government, therefore, assumes the responsibility of proving beyond a reasonable doubt each of the essential elements of the offenses charged in Counts 4 & 5 of the indictment.

**Authority:**

18 U.S.C. § 201(b)(2)(A); Indictment ¶¶ 24-27.

**<u>Proposed Jury Instruction No. 46.</u>**

**Receiving Bribes—Elements of the Offense**

In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that the defendant was a public official;

*Second*, that the defendant demanded, sought, or received something of value personally in exchange for being influenced in the performance of an official act; and

*Third*, that the defendant did so corruptly.

**Authority:**

18 U.S.C. § 201(b)(2)(A).

**<u>Proposed Jury Instruction No. 47.</u>**

**Receiving Bribes—Public Official**

The term "public official" means Member of Congress, Delegate, or Resident Commissioner, either before or after such official has qualified, or an officer or employee or person acting for or on behalf of the United States, or any department, agency or branch of Government thereof, including the District of Columbia, in any official function, under or by authority of any such department, agency, or branch of Government, or a juror.


Authority:

18 U.S.C. § 201(a)(1).

## Proposed Jury Instruction No. 48.

### Receiving Bribes—Official Act

The term "official act" means any decision or action on any question, matter, cause, suit, proceeding or controversy, which may at any time be pending, or which may by law be brought before the public official, in such official's official capacity, or in such official's place of trust or profit. In order words, the term official act encompasses a public official's official duties, both those established by law and those that are clearly established by settled practice as part of the public official's official position.

**Authority:**

Adaptation of 18 U.S.C. § 201(a)(3) (changing "which may by law be brought before *any* public official" to "*the* public official"). <u>United States v. Jefferson</u>, 634 F. Supp. 2d 595, 601-02 (E.D. Va. 2009) <u>aff'd</u>, 674 F.3d 332 (4th Cir. 2012), <u>as amended</u> (Mar. 29, 2012) (holding that "the phrase "any public official" must reasonably be read to refer to the charged public official, not any public official, whether charged or not. In other words, the statute's use of "any" before "public official" signifies that any public official can engage in an "official act" by acting on an issue pending before *him,* not that the charged public official can engage in an "official act" by acting on an issue pending before *another* public official."); *see also United States v. Jefferson*, 674 F.3d 332, 351 (4th Cir. 2012).

## Proposed Jury Instruction No. 49.

### Receiving Bribes—Corruptly

An act is done "corruptly" if it involves conscious wrongdoing on the part of the defendant, or as it is sometimes expressed, a bad or evil state of mind. For the defendant to have acted corruptly in this case, he must have also acted with the specific intent to demand or receive something of value personally in exchange for being influenced in the performance of an official act.

**Authority:**

*United States v. Quinn*, 359 F.3d 666, 674 (4th Cir. 2004) ("Corrupt intent means simply having an improper motive or purpose. The defendant must have demanded, sought or received a thing of value with the deliberate purpose of being influenced in the performance of his or her official duties. This involves conscious wrongdoing or, as it is sometimes expressed, a bad or evil state of mind."); *United States v. Sun-Diamond Growers of Cal.*, 526 U.S. 398, 404-05 (1999) ("for bribery there must be a *quid pro quo*-a specific intent to give or receive something of value *in exchange* for an official act.").

# COUNT 6

<u>**Proposed Jury Instruction No. 50.**</u>

**Count 6: Nature of the Offense—Conversion of Government Property**

Count 6 of the Indictment alleges that on or about August 11, 2009, and continuing up to and including May 2011, within the Eastern District and elsewhere, defendant Harry C. Mann did knowingly and unlawfully convert to his use a Bush Hog Model SQ 84 Cutter, serial number 12-00942, the value of which was $2,250.00.

**Authority:**

18 U.S.C. § 641; Indictment ¶ 29.

**<u>Proposed Jury Instruction No. 51.</u>**

**Conversion of Government Property—Elements of the Offense:**

In order to sustain this charge, the government must prove each of the following elements beyond a reasonable doubt:

*First*, that the property described in the indictment (a Bush Hog Model SQ 84 Cutter serial number 12-00942) belonged to the United States government and had a value in excess of $1,000 at the time alleged;

*Second*, that the defendant converted the Bush Hog to his own use; and

*Third*, that the defendant did so knowing the property was not his and with intent to deprive the owner of the use or benefit of the property.


**Authority:**

Adaptation of Fifth Circuit Pattern Jury Instructions, 2012 ed, § 2.33.

<u>**Proposed Jury Instruction No. 52.**</u>

**Conversion of Government Property—"Conversion" Defined**

To "knowingly convert" means to wrongfully take money, property, or things of value belonging to another with intent to deprive the owner of its use or benefit either temporarily or permanently.

**Authority:**

Adaptation of Fifth Circuit Pattern Jury Instructions, 2012 ed. § 2.33.

# FORFEITURE INSTRUCTIONS

**Proposed Jury Instruction No. 53.**

**Forfeiture—General Instructions**

The government seeks to forfeit the following property:

(1) $245,037.00 in U.S. currency seized from the residence of Harry C. Mann and Rita S. Mann on or about May 20, 2011;

(2) $39,868.52 seized from the bank accounts of Harry C. Mann and Rita S. Mann at East Carolina Bank on or about June 8, 2011; and

(3) $5,472.51 seized from the bank account of Harry C. Mann at Navy Federal Credit Union on or about June 8, 2011.

As to each of these items of property, in order to find that this property is subject to forfeiture, the government must prove both of the following elements by a preponderance of the evidence:

*First:* That the property constituted or was derived from proceeds traceable to the offenses charged in Counts One through Six, and

*Second*:  That there is a nexus between the property alleged to be forfeitable and the offenses charged in Counts One through Six.

If you find from your consideration of all the evidence that the government has proved each of these elements by a preponderance of the evidence as to any one of the listed items of property, then you should check the "Yes" line on the Special Forfeiture Verdict Form for that piece of property.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements by a preponderance of the evidence as

to any one of the listed items of property, then you should check the "No" line on the Special Forfeiture Verdict Form for that piece of property.

**Authority:**

Adaptation of Seventh Circuit Pattern Criminal Jury Instruction, 2012 ed. (accounting for multiple pieces of property).

**<u>Proposed Jury Instruction No. 54.</u>**

**Forfeiture—Definition of Proceeds**

"Proceeds" means the amount of money acquired through the illegal transactions resulting in the forfeiture, less the direct costs incurred in providing the goods or services. The defendant has the burden of proof with respect to the issue of direct costs. Direct costs does not include any part of the overhead expenses of the entity providing the goods or services, or any part of the income taxes paid by the entity.

**Authority:**

18 U.S.C. 981(a)(2)(B).

**Proposed Jury Instruction No. 55.**

**Forfeiture—Definition of "Traceable To"**

The term "traceable to" means that the acquisition of the property is attributable to the offenses charged in Counts One through Six, as opposed to sources other than these offenses.

Only funds used in or traceable to the illegal activity are subject to forfeiture, and any commingled legitimate funds are not subject to forfeiture.

**Authority:**

Adaptation of Seventh Circuit Pattern Criminal Jury Instruction, 2012 ed. (citing United States v. U.S. Currency Deposited in Account No. 1115000763247 for Active Trade Co., Located at First Nat. Bank, Chicago, Ill., 176 F.3d 941, 946 (7th Cir. 1999) ("only funds used in or traceable to the illegal activity are subject to forfeiture, and not any commingled legitimate funds used in facilitating the scheme.")).

**<u>Proposed Jury Instruction No. 56.</u>**

**Forfeiture—Definition of "Nexus"**

In order to establish a "nexus" between the property alleged to be forfeitable and the offense giving rise to the forfeiture allegation, the government must establish a connection between the property and the offense.

**Authority:**

Adaptation of Seventh Circuit Pattern Criminal Jury Instruction, 2012 ed. and Fed. R. Crim. P. 32.2(b)(5)(B).

Respectfully submitted, this the 6th day of April, 2015.

CHESHIRE PARKER SCHNEIDER & BRYAN, PLLC

/s/ Elliot S. Abrams

Elliot S. Abrams
N.C. State Bar # 42639
133 Fayetteville Street, Ste 500
P. O. Box 1029
Raleigh, NC 27602
(919) 833-3114 (TEL)
(919) 832-0739 (FAX)
elliot.abrams@cheshirepark.com


TARLTON LAW, PLLC

/s/ Raymond C. Tarlton

Raymond C. Tarlton
N.C. State Bar# 38784
333 Fayetteville St., Ste. 1513
P.O. Box 1386
Raleigh, NC 27601
Tarlton@tarltonlaw.com

*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served a true and correct copy of the foregoing
DEFENDANT'S REQUESTED JURY INSTRUCTIONS through the electronic service function
of the Court's electronic filing system, as follows:

Susan Menzer                    (susan.menzer@usdoj.gov)
Assistant United States Attorney
310 New Bern Avenue
Federal Building, Suite 800
Raleigh, NC  27601-1461

This the 6th day of April, 2015.

CHESHIRE PARKER SCHNEIDER &
BRYAN, PLLC


/s/ Elliot S. Abrams
Elliot S. Abrams